**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK** x
:
KAIRA BROWN, individually and on behalf of :
all others similarly situated, :
: Case No. 1:26-cv-02658
Plaintiff, :
:
v. : **CLASS ACTION COMPLAINT**
:
DLC LABORATORIES, INC., : **JURY TRIAL DEMANDED**
:
Defendant. :
x

Plaintiff Kaira Brown ("Plaintiff"), individually and on behalf of all others similarly

situated, brings this class action against DLC Laboratories, Inc. ("Defendant"), seeking monetary

damages and other remedies.

**NATURE OF ACTION**

1. This is a putative class action lawsuit on behalf of purchasers of De La Cruz Rose

Water Body Mist and De La Cruz Lavender Water Body Mist (individually, "Product",

collectively, "Products").[1]

2. Defendant specializes in developing, marketing, and selling skincare, fragrance,

and personal care products to consumers. Defendant manufactures, markets, and sells the Products

in thousands of stores throughout the United States, including the State of New York, through

brick-and-mortar and online commerce streams.

3. Defendant prominently represents on the front label of the Products that they are

"Free of Alcohol" (the "Alcohol Representation"), leading consumers to believe that the Products

are made without any alcohol.

---

[1] The Products include all sizes of De La Cruz Rose Water Body Mist and De La Cruz Lavender Water Body Mist.
For the avoidance of doubt, this includes travel-size sprays, full-size sprays, and refills.



4.      Defendant intentionally misleads consumers into believing that the Products are made without any alcohol. It does this because consumers believe that alcohol and alcohol-based

ingredients can cause skin dryness and irritation.[2]

5.     However, unbeknownst to consumers, the Products contain phenoxyethanol (also sometimes called phenoxy ethyl alcohol), an ethyl alcohol.[3] According to FDA, "[i]n cosmetic labeling, the term 'alcohol,' used by itself, refers to ethyl alcohol. Cosmetic products, including those labeled 'alcohol free,' may contain other alcohols, such as cetyl, stearyl, cetearyl, or lanolin alcohol. These are known as fatty alcohols, and their effects on the skin are quite different from those of ethyl alcohol."[4] Accordingly, the Products contain an alcohol ingredient and are not "free of alcohol," as represented.

6.     As such, Defendant has engaged in widespread false and deceptive conduct by designing, marketing, manufacturing, distributing, and selling the Products with the Alcohol Representation. Every package of the Products misleads consumers into believing the Products are made without any alcohol.

7.     Plaintiff and Class members purchased the Products, which are designed, marketed, manufactured, distributed, and sold by Defendant. Furthermore, Plaintiff and Class members relied to their detriment on Defendant's Alcohol Representation, when the Products contain an alcohol ingredient. Plaintiff and Class members would not have purchased the Products – or would not have paid as much as they did to purchase them – had they known the Alcohol Representation was false. Plaintiff and Class Members thus suffered monetary damages as a result of Defendant's deceptive and false representation.

8.     Plaintiff brings this action individually, and on behalf of similarly situated

---

[2] FDA, *"Alcohol Free"*, FDA: Cosmetics, available at www.fda.gov/cosmetics/cosmetics-labeling-claims/alcohol-free (last accessed Apr. 30, 2026).
[3] PubChem, *Phenoxyethanol*, National Library of Medicine: National Center for Biotechnology Information, available at https://pubchem.ncbi.nlm.nih.gov/compound/Phenoxyethanol (last accessed Apr. 30, 2026).
[4] FDA, "*Alcohol Free*", *supra*.

individuals who purchased the falsely and deceptively labeled Products during the statute of limitations period, for violations of New York's General Business Law § 349, New York's General Business Law § 350, Breach of Express Warranty under New York's UCC § 2-313, and fraud.

## PARTIES

9. Plaintiff Kaira Brown is a citizen and resident of Brooklyn, New York. In or around August 2025, Plaintiff purchased a bottle of the De La Cruz Rose Water Body Mist product at T.J. Maxx in Staten Island, New York. Prior to her purchase of the Product, Plaintiff reviewed the product's labeling and packaging and saw the Alcohol Representation. Based on the Alcohol Representation, Plaintiff believed she was purchasing a product that was formulated without any alcohol. Plaintiff relied on Defendant's Alcohol Representation in deciding to purchase her Product. Accordingly, the Alcohol Representation was part of the basis of the bargain, in that she would not have purchased the Product on the same terms had she known the Alcohol Representation was not true. In making her purchase, Plaintiff paid a price premium for a product that was made without any alcohol.

10. Defendant DLC Laboratories, Inc. is a California corporation with its principal place of business at 7008 Marcelle Street, Paramount, California 90723. Defendant formulates, manufactures, labels, markets, distributes, and sells the Products nationwide. Defendant has maintained substantial distribution and sales in this District.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interests and costs, exceeds the sum or value of $5,000,000, and at least one member of the proposed Class is a citizen of a state different from Defendant.

12. This Court has specific jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Products.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim, including Plaintiff's purchase, occurred in this District.

## FACTUAL ALLEGATIONS

**I.    Defendant Misrepresents That the Products are "Free of Alcohol"**

14. Defendant falsely and misleadingly labels the Products as "Free of Alcohol":

 




15. However, the Products contain phenoxyethanol, which is an ethyl alcohol that is used as a preservative in cosmetics.[5]

16. Chemically, phenoxyethanol belongs to the glycol ether and phenol ether families of compounds and contains a hydroxyl group (-OH) — the defining structural feature of all alcohols.[6]

17. Plaintiff and Class members would not know the true nature of the Products by looking at the front labels of the Products. There is nothing on the front labels (like an asterisk) disclaiming or modifying the Alcohol Representation. The Alcohol Representation is not ambiguous or vague to reasonable consumers such that they would reasonably think or be expected to investigate the Alcohol Representations further before purchasing the products.

18. Moreover, the ingredient list does not preclude consumer deception. As one court has noted, "a company can't say something misleading on the front of a label and escape liability by stating 'that's not actually what we mean' in fine print on the back." *Locklin v. StriVectin Operating Co., Inc.*, No. 21-cv-07967-VC, 2022 WL 867248, at *3 (N.D. Cal. Mar. 23, 2022); *Richardson v. Edgewell Pers. Care, LLC*, No. 23-128, 2023 WL 7130940, at *2 (2d Cir. Oct. 30,

---

[5] PubChem, *Phenoxyethanol*, n. 2, *supra*
[6] International Union of Pure and Applied Chemistry, Compendium of Chemical Terminology: *alcohol*, Gold Book, 5th ed., available at https://goldbook.iupac.org/terms/view/A00204 (last accessed Apr. 30, 2026).

2023) (Plaintiffs are "not expected to 'look beyond misleading representations' on the front label 'to discover the truth from the ingredient list[.]'")

**II. The Presence of Alcohol in Personal Care Products Is Material to Consumers**

19. The Products' label prominently represents that they are "Free of Alcohol." Consumers reasonably understand this to mean the product contains no alcohol, including alcohol-based preservatives such as phenoxyethanol.

20. Defendant knows that consumers seek out alcohol-free personal care products for a variety of reasons, including skin sensitivity, and that the Alcohol Representation is a material factor in their purchasing decisions.[7]

21. Despite representing that the Products are "Free of Alcohol," Defendant formulates and sells the Products with phenoxyethanol as an ingredient. Phenoxyethanol is an alcohol. Defendant's Alcohol Representation is therefore false.

22. Reasonable consumers who purchased the Products received a product that contains an alcohol — phenoxyethanol — contrary to the Alcohol Representation on the label.

23. Defendant knew or should have known that the Alcohol Representation is false because Defendant and/or its agents formulated and manufactured the Products.

**III. Defendant's Representation Harms Consumers**

24. Plaintiff and Class members purchased the Products in reliance on the Alcohol Representation, reasonably believing the Products did not contain any alcohol.

25. This reasonable belief that the Products did not contain any alcohol was a significant factor in their decisions to purchase the Products.

---

[7] Debadatta Patel, *Alcohol-free fragrance Market Research Report 2033*, Growth Market Reports, available at https://growthmarketreports.com/report/alcohol-free-fragrance-market (last accessed Apr. 30, 2026).

26. Plaintiff and Class members did not know, and had no reason to know, that the Products contained phenoxyethanol – an alcohol – because the Products are deceptively labeled and advertised to create the impression that they do not contain alcohol.

27. Defendant knew that Plaintiff and Class members would rely on the Alcohol Representation and would therefore reasonably believe the Products did not contain any alcohol.

28. Because the Products do contain alcohol, contrary to Defendant's Alcohol Representation and Plaintiff and Class members' reasonable expectations, Defendant's uniform practice regarding the marketing and sale of the Products was and continues to be misleading and deceptive.

29. Each Class member has been exposed to the same or substantially similar deceptive practices, as the Products contain alcohol.

30. Consumers are willing to pay a price premium for fragrance and personal care products formulated without alcohol, and are induced to purchase such products based on that belief.[8] Plaintiff and Class members would not have purchased the Products, or would have paid significantly less for it, had they known that it actually contained alcohol. Consequently, Plaintiff and Class members paid a price premium for the Products because of the Alcohol Representation. Therefore, Plaintiff and Class members suffered an injury in fact, including the loss of money, as a result of Defendant's false and misleading Alcohol Representation.

## CLASS ALLEGATIONS

31. *Class Definition*: Plaintiff brings this action on behalf of all people who purchased at least one of the Products in the State of New York within the applicable statute of limitations

---

[8] Nadine Solano, *The New Era Of Scent: Why Alcohol-Free Fragrances Are Redefining Perfume*, British Vogue (Mar. 27, 2026), available at https://www.vogue.co.uk/article/alcohol-free-perfume.

period (the "Class").

32. The Class definition is a placeholder that may be altered or amended before final judgment. Fed. Civ. P. 23(c)(1)(C). Subject to additional information obtained through further investigation and discovery, the foregoing Class definition may be expanded or narrowed by amendment or in the motion for class certification, including through the use of subclasses.

33. Excluded from the putative Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family. Claims for personal injury are also excluded.

34. *Numerosity.* Class members are so numerous that their individual joinder is impracticable. The Class includes thousands of consumers. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

35. *Commonality and Predominance.* Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

   a. Whether the Alcohol Representation has a tendency to deceive;

   b. Whether the Alcohol Representation is materially misleading;

   c. Whether Plaintiff and Class members are entitled to damages;

   d. Whether Plaintiff and Class members are entitled to statutory damages;

   e. Whether Defendant's conduct, as alleged herein, violates the consumer protection laws asserted here; and

   f. Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

36. *Typicality*. Plaintiff's claims are typical of the claims of Class members because Plaintiff and Class members sustained damages as a result of Defendant's uniform wrongful conduct.

37. *Adequacy*. Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff will vigorously prosecute this action on behalf of Class members.

38. *Superiority*. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for Class members; the Class is readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

39. Without a class action, Defendant will likely retain the benefits of its wrongdoing.

**FIRST CAUSE OF ACTION**
**Violation of New York's Deceptive Acts and Practices Law,**
**New York GBL § 349**

40. Plaintiff incorporates by reference paragraphs 1-39 of this Complaint as if fully stated herein.

41. New York GBL § 349 declares unlawful "deceptive . . . acts or practices in the conduct of any business, trade or commerce . . . ." GBL § 349(a).

42. In its advertising and sale of goods throughout New York, Defendant conducts business and trade within the meaning of GBL § 349(a).

10

43. As alleged in detail above, Defendant committed deceptive acts and practices in that it misrepresented material facts about its Products, including by making the Alcohol Representation when, in fact, the Products contain alcohol.

44. Defendant, as manufacturer and marketer of the Products, was in a position to know or should have known the true quality of its Products, that the Products contain alcohol.

45. The facts misrepresented by Defendant were material in that Plaintiff and the members of the Class would have considered them important in deciding whether to purchase the Products.

46. The foregoing deceptive acts and practices were consumer-oriented in that they were directed at Plaintiff and members of the Class.

47. As shown hereinabove, Defendant's misrepresentations regarding the Products were likely to deceive reasonable consumers and the public.

48. As a result of these false and misleading practices, Defendant induced Plaintiff and the Class to purchase the Products that Plaintiff and members of the Class would not have purchased, or would have paid substantially less for, had Defendant been truthful about the nature of its Products.

49. Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase these Products in the future if she can be assured that the Products are as advertised.

50. Plaintiff and the Class seek injunctive and declaratory relief and full statutory damages to the full extent available under GBL § 349 and any other damages available under the law, including actual damages, fifty dollars, or both, whichever is greater, as well as treble damages, reasonable attorneys' fees, and all other remedies this Court deems proper.

51.     Plaintiff incorporates by reference paragraphs 1–39 of this Complaint as if fully stated herein.

52.     New York GBL § 350 provides in relevant part: "False advertising in the conduct of any business, trade or commerce . . . in this state is hereby declared unlawful."

53.     In its advertising and sale of goods throughout New York, Defendant conducts business and trade within the meaning of GBL § 350.

54.     GBL § 350-a(1) defines false advertising as:

advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

55.     As alleged above, Defendant committed false advertising in that it misrepresented material facts about its Products, including by making the Alcohol Representation, when in fact the Products contain alcohol.

56. Defendant, as manufacturer and marketer of the Products, was in a position to know or should have known the true quality of its Products, including that the Products contained alcohol.

57. The facts misrepresented by Defendant were material in that Plaintiff and the members of the Class would have considered them important in deciding whether to purchase the Products.

58. The foregoing deceptive acts and practices were consumer-oriented in that they were directed at Plaintiff and members of the Class.

59. As shown hereinabove, Defendant's misrepresentations regarding the Products were likely to deceive reasonable consumers and the public.

60. As a result of this false and misleading advertising, Defendant induced Plaintiff and the Class to purchase the Products that Plaintiff and members of the Class would not have purchased, or would have paid substantially less for, had Defendant been truthful about the nature of its Products.

61. Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase these Products in the future if she can be assured that the Products are truthfully advertised.

62. Plaintiff and the Class seek injunctive and declaratory relief and full statutory damages to the full extent available under GBL § 350 and any other damages available under the law, including actual damages or five hundred dollars, whichever is greater, as well as treble damages, reasonable attorneys' fees, and all other remedies this Court deems proper.

## THIRD CAUSE OF ACTION
### Breach of Express Warranty

63.     Plaintiff repeats the allegations contained in paragraphs 1-39 above as if fully set forth herein.

64.     Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendant.

65.     New York's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." N.Y. U.C.C. § 2-313(1).

66.     Defendant has expressly warranted on the Products' packaging that the Products are "Free of Alcohol". However, as alleged herein, this express representation is patently false, as the Products contain an alcohol ingredient – namely, phenoxyethanol.

67.     These representations about the Products: (a) are affirmations of fact or promises made by Defendant to consumers that the Products are "Free of Alcohol"; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product description.

68.     Plaintiff and members of the proposed Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

69.     Defendant has breached the express warranties made to Plaintiff and members of

14

the Classes by including alcohol in the Products' formula.

70. Plaintiff and members of the Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the Class had known the true nature of the Products, they would not have been willing to pay the premium price associated with the Products.

71. In February 2026, Plaintiff learned that Defendant's Products contained alcohol. Upon learning that Defendant did, in fact, breach the express warranty, Plaintiff notified Defendant of the breach by sending a pre-suit notice letter via Certified Mail, Return Receipt Requested, on February 17, 2026. Plaintiff's pre-suit notice letter was received by Defendant on February 23, 2026.

**FOURTH CAUSE OF ACTION**
**Fraud by Misrepresentation**

72. Plaintiff repeats the allegations contained in paragraphs 1-39 above as if fully set forth herein.

73. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

74. Defendant intentionally and knowingly represented that the Products were "Free of Alcohol" which led reasonable consumers to believe that the Products were formulated without any alcohol.

75. The Alcohol Representations on the Products' packaging are false because the Products contain an alcohol ingredient – namely, phenoxyethanol.

76. Defendant knew that the representations on the Product's packaging were false because: (a) Defendant was in a superior position to know the true state of facts about its Products, including the ingredients used therein; and (b) Defendant knew that Plaintiff and the Class could

15

not reasonably have been expected to learn that the Products contain alcohol.

77. Defendant knew or should have known that the representations on the Products' packaging would justifiably induce Plaintiff and the Class members to purchase the Products.

78. Plaintiff and members of the Class reasonably relied on the Alcohol Representation, and Defendant knows that its customers trust the quality of its products and reasonably expect Defendant's Products are, indeed, "free of" the represented ingredients. Defendant also knows that consumers actively seek out products formulated without alcohol for various reasons, including skin benefits, and are willing to pay more for products that they believe are formulated without alcohol.

79. Plaintiff and members of the Class were harmed as a direct and proximate result of Defendant's conduct. Plaintiff and the members of the Class suffered actual damages, including by: (1) paying a price premium for Products they reasonably believed were "Free of Alcohol"; (2) purchasing Products they would not have purchased, or would have paid significantly less for, had they known that the Products contain alcohol; and/or (3) receiving a Product that was worth significantly less than represented because it does contain an alcohol ingredient.

80. Plaintiff's and members of the Class's reliance on Defendant's representations was a substantial factor in the harm and detriment caused to them. That harm and detriment resulted from the disparity between the Products' true quality, characteristics, and ingredients and the representations conveyed on the Products' packaging by Defendant, which misled and harmed consumers of the Products, such as Plaintiff and members of the Classes.

81. Plaintiff and the members of the Classes seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the law.

16

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

A.    Certification of the proposed Class, appointment of Plaintiff as representatives of the Class, and appointment of undersigned counsel as counsel for the Class;

B.    A declaration that Defendant's actions complained of herein violated the statutes referenced herein;

C.    For an order finding in favor of Plaintiff and Class members on all counts asserted herein;

D.    For actual, compensatory, statutory, nominal, and/or punitive damages in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order awarding Plaintiff and Class members their reasonable attorney fees, expenses, and costs of suit; and

G.    For such relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: May 4, 2026                 **FARUQI & FARUQI, LLP**

By:  */s/ Innessa M. Huot*
Innessa M. Huot (IM2886)
685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
ihuot@faruqilaw.com

**FARUQI & FARUQI, LLP**
Zachary M. Winkler (*pro hac vice* forthcoming)
1617 JFK Boulevard, Suite 1550
Philadelphia, Pennsylvania 19103
Telephone: (215) 277-5770
E-mail: zwinkler@faruqilaw.com

*Counsel for Plaintiff Kaira Brown*